EXHIBIT 1

NORTH CAROLINA                           IN THE GENERAL COURT OF JUSTICE
                                         SUPERIOR COURT DIVISION
GUILFORD COUNTY    FILED
                                         20 CVS 8349
ANTHONY DIAL  2020 NOV 12 P 1:26
                                                    )
                                                    )
    Plaintiff,   GUILFORD CO., C.S.C                )
                 BY                                 )
vs.                                                 )
                                                    )COMPLAINT
                                                    )
ROBESON COUNTY and ROBESON COUNTY DEPARTMENT OF     )
SOCIAL SERVICES,                                    )
                                                    )
                                                    )
    Defendants.                                     )

COMES NOW PLAINTIFF, complaining of the acts of Defendants, alleges and says that:

1.  Plaintiff is a citizen and resident of Robeson County, North Carolina.

2.  Upon information and belief, Defendant Robeson County is a county government of the State of North Carolina with offices and facilities is Robeson County, North Carolina. Defendant is subject to the jurisdiction of this Court and is an "employer" as defined by 42 U.S.C. §2000e(b) and has had fifteen (15) or more employees for each working day in each of the twenty (20) or more calendar weeks in the current calendar year.

3.  Upon information and belief, the Department of Social Services, is an agency within and under the control of Defendant Robeson County. Moreover, is subject to the jurisdiction of this Court and is an "employer" as defined by 42 U.S.C. §2000e(b) and has had fifteen (15) or more employees for each working day in each of the twenty (20) or more calendar weeks in the current calendar year.

4.  That Plaintiff, a Native American male and veteran, was hired by Defendant in August of 2000. Plaintiff is highly qualified and has served the Defendant in a variety of capacities, with distinction, while so employed.

5.  Moreover, the Defendants work in concert to provide funding and services to the clients of Plaintiff and the staff associated with those services.

6.  That Plaintiff continues to perform his duties with the best interests of the Defendants in mind and continues to offer more improvements to the operation of the department as he performs her duties. During the performance of his duties, he acted in additional capacities and creatively presented new ideas and procedures to increase the effectiveness of the department to the citizens of Robeson County. Plaintiff also networks and serves on many committees in the community in addition to his assigned work duties as part of his desire to assist the County.

## FIRST CAUSE OF ACTION: VIOLATION OF TITLE VII

7. That, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") regarding discrimination concerns with his employment with Defendants in 2014. That matter was eventually resolved and Plaintiff continued his work with Defendants.

8. That Plaintiff applied for the posted position of Director of the Department of Social Services for Robeson County on or about October 10, 2016. He was interviewed for the position on or about November 22, 2016 along with eight other candidates. Plaintiff was informed that he scored the highest of all the candidates and that he met the posted criteria for obtaining the position.

9. That the Defendants re-opened the interview phase of the search, upon information and belief, to obtain a director of a different race than Plaintiff. Plaintiff was again interviewed on or about December 13, 2016. At that time, the new questions were specifically focused on areas in which Plaintiff has limited experience and that the other candidate, Velvet Nixon, had extensive experience. Upon information and belief the questions were changed as the Defendants wanted a Black candidate to be successful and tailored the questions for the desired result. All three finalists for the position were Black.

10. That on or about January 6, 2017, Plaintiff was informed that he did not receive the promotion and that it would be offered to Velvet Nixon, a Black female. Ms. Nixon accepted the position.

11. That Plaintiff was required to provide extensive training to Ms. Nixon regarding the duties of her new position. Despite his disappointment with the denial of the promotion, Plaintiff maintained a professional demeanor and assisted Ms. Nixon in any way he could.

12. That within 180 days of these actions, Plaintiff filed a Charge of Discrimination with the EEOC alleging racial (Native American) and gender (male) discrimination in the changing of the position qualifications and the failure to promote him to the Director position despite being the best qualified candidate.

13. The charge also included concerns of retaliation in the failure to promote due to his prior EEOC activity in 2014.

14. That Plaintiff sought assistance and an end to the discrimination and retaliation prior to filing the charge. Upon information and belief, no action was taken by Defendants to alleviate the hostile work environment for Plaintiff. Thus, Defendants were aware of the retaliation and discrimination experienced by Plaintiff, by and through some of their agents, and failed to take appropriate action to correct the situation.

15. That while the charge was pending, Plaintiff applied for the position of Assistant County Manager and was interviewed for the position on or about May 1, 2019.

16. That despite his excellent qualification for the position, he was informed on or about June 7, 2019, that he would not receive this promotion allegedly because he was not the most qualified candidate. Moreover, he was informed that his prior EEOC activity was a negative factor in his scoring for the position. The position was given to Shelton Hill, Caucasian male, with less education and experience and fewer qualifications than Plaintiff.

17. That while the selection decision for the assistant county manager was within the scope of County Manager Kellie Blue's duties, she serves at the pleasure of the County Commissioners and, upon information and belief, would not ignore their input in the process.

18. That Plaintiff filed an additional charge of discrimination with the EEOC based upon said retaliation and racial discrimination (Native American) and amended the original charge from 2017 (that remained under investigation by the EEOC at the time of the interview) to include this new retaliatory information on or about July, 2019.

19. That as a direct and proximate result of said conduct, Plaintiff has suffered financially in lower pay than offered through the promotions, has lost professional opportunities for advancement and the learning of additional skills, lost professional prestige within the department, and suffered emotional distress.

20. That at all times relevant herein, many of Defendants' agents, by whom and through Plaintiff was discriminated against, denied the promotions by, retaliated against, and intimidated by as well as those managers to whom he complained were agents of the Defendants, duly authorized and acting within the scope of their employment.

21. The conduct of Defendants, as alleged herein, not only violates Title VII of the Civil Rights Acts of 1964 and 1991, as amended, but also violates the public policy of the State of North Carolina.

22. That on or about August 14, and September 9, 2020, Plaintiff was issued right to sue letters on said charges of discrimination from the local office of the EEOC. At this time, Plaintiff has decided to institute a private lawsuit, and is filing same within ninety (90) days of receipt of the EEOC's right to sue letters.

23. That said discrimination, creation of a hostile environment, failure to promote, and retaliation experienced by Plaintiff from Defendants, by and through their duly authorized agents, is the direct and proximate cause of injury to Plaintiff in an amount in excess of $25,000.00 representing lost opportunities and benefits, lost wages, as well as emotional distress.

## SECOND CAUSE OF ACTION: RETALIATION

24. The allegations set forth in paragraphs one through twenty-three are realleged and incorporated by reference as if fully set forth.

25. That during the interview phase for the Director position, the decision makers were told that Plaintiff was under investigation alleging Medicaid fraud unrelated to his duties with the Defendants. The anonymously reported allegations were discussed with the recruiting and interviewing members of the team even before they were presented to Plaintiff. This cloud over his character was intended to discredit him and, upon information and belief, later to encourage him to resign his position with Defendants.

26. That the investigation found absolutely no improper behavior by Plaintiff and that the allegations were baseless.

27. That additional retaliation continues. In the spring, 2019, while the EEOC investigation was pending, Plaintiff was disqualified from consideration for the deputy director of social services position by Ms. Nixon as a potential lawsuit may be associated with the investigation. Plaintiff also experienced reduced resources for Plaintiff's staff, resistance to his plans for COVID-19 protocols in his department, failure to include him in procedure changes directly affecting his staff, and undermining his authority with his staff.

28. That despite hearing his concerns about the racial disparity in promotions and work environment for Native Americans, no resolution of the disparity occurred.

29. That as a direct and proximate result of voicing these concerns, Plaintiff suffered excessive scrutiny of his performance, was subjected to factually unsubstantiated investigations, undermining of his authority with staff, and deprived of promotions and a professionally satisfying work environment as compared to his non-Native American coworkers (for example: Velvet Nixon, Shelton Hill) Plaintiff's exclusion from the professional and supportive work environment was intended to dissuade him, and others with similar concerns, from reporting retaliatory conduct or risk isolation from their peers and managers.

30. That said conduct of Defendant's agents, acting within the course and scope of their employment, was both racially discriminatory and retaliatory. The retaliation created a hostile working environment for Plaintiff. The conduct of Defendants, as alleged herein, violates Title VII of the Civil Rights Act of 1964 and 1991, as amended.

31. That more than 180 days have elapsed since Plaintiff filed these charges with the EEOC. On or about August 14 and September 9, 2020, right to sue letters on said charges of retaliation were issued by the local office of the EEOC. At this time, Plaintiff has decided to institute a private lawsuit, and is filing same within ninety (90) days of receipt of the EEOC's right to sue letters.

4

Case 1:20-cv-01135-WO-JLW   Document 3   Filed 12/16/20   Page 4 of 6

32. Said failure to end the pattern and practice of discrimination and retaliation and the failure to prevent the creation of a hostile work environment by Defendants, by and through its duly authorized agents, is the direct and proximate cause of injury to Plaintiff in an amount in excess of $25,000.00 representing lost wages, benefits, professional opportunity, and emotional distress.

### THIRD CLAIM FOR RELIEF: SECTION 1981 and 1983

33. For the purposes of this claim, Plaintiff incorporates herein by reference paragraphs one through thirty-two above of the Complaint as if the same were fully set forth herein.

34. Upon information and belief, acting in bad faith, Defendants arbitrarily harassed with unfounded investigations and intimidated Plaintiff in retaliation for his participation in reporting discrimination and violations of Title VII of the Civil Rights Act of 1964, as amended and Section 1981 of the Civil Rights Act of 1871, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981 ("Section 1981"). Plaintiff, as a member of a protected class (Native American), seeks declaratory, injunctive and other equitable relief, and compensatory damages based on Defendants' continuing deprivation of his civil rights as accorded to him by the above-cited federal statutes.

35. Further, that Defendants have not followed the constitutional dictates of due process of law as guaranteed by Article I, Section 19 of the Constitution of North Carolina and the United States Constitution and have violated the Plaintiff's right to due process in violation of 42 U.S.C. § 1983. The acts of the Defendants, by and through its duly appointed agents, constitute a denial and a conspiracy to deprive Plaintiff of rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States as well as the laws and policies of the State of North Carolina.

36. That the Defendants' conduct as herein set out was purposeful, deliberate, intentional, and done with reckless disregard of the rights of Plaintiff, such that Plaintiff is entitled to recover punitive damages.

37. In taking the aforesaid actions, Defendants acted intentionally under color of law of the State of North Carolina within the meaning of 42 U.S.C. §1983.

38. As a direct result of the aforesaid unlawful actions, Plaintiff has suffered and continues to suffer the loss of opportunity, job security, wages, and professional status in an amount in excess of $25,000.00. The amount of damages will be more fully described when known.

### FOURTH CLAIM FOR RELIEF: RIGHT TO EQUITABLE RELIEF

39. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory and injunctive relief is the only means for securing adequate relief.

5

Case 1:20-cv-01135-WO-JLW   Document 3   Filed 12/16/20   Page 5 of 6

WHEREFORE, Plaintiff prays the Court as follows:

1. That Defendants be ordered to cease all retaliation and discrimination and to eliminate the hostile environment which exists in its facility;

2. That Defendants be ordered to promote Plaintiff to the positions of Director or Assistant County Manager with the Defendants, with back pay and the benefits associated therewith;

3. That he recover judgment against the Defendants, jointly and severally, in an amount in excess of $25,000.00;

4. That he recover the costs of this action, including reasonable attorney's fees; and

5. For such other and further relief as to the Court may seem just and proper.

Nancy P. Quinn,
Attorney for Plaintiff
315 Spring Garden St., Suite 1D
Greensboro, NC 27401
Telephone: (336) 272-9072

6