IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ANTHONY DIAL,                  )
                               )
        Plaintiff,             )
                               )
    v.                         )    1:20-cv-01135
                               )
ROBESON COUNTY,                )
                               )
        Defendant.             )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Before this court is Defendant Robeson County's Motion for Leave to File Documents Under Seal. (Doc. 29.)[1] Defendant seeks to file four documents under seal: Plaintiff Anthony Dial's employment application, (Doc. 28-3), Shelton Hill's employment application, (Doc. 28-4), County Manager Kellie Blue's interview notes for Mr. Dial, (Doc. 28-5), and Ms. Blue's interview notes for Mr. Hill, (Doc. 28-6). For the following reasons, this court will grant Defendant's motion.

## I.  LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the Court refer to the page numbers located at the bottom righthand corner of the documents as they appear on CM/ECF.

records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). The First Amendment requires that "the denial of access [to judicial records] . . . be necessitated by a compelling government interest and narrowly tailored to serve that interest." Rushford v. New Yorker Mag., Inc., 846 F.2d 249, 253 (4th Cir. 1988). This standard "appl[ies] to documents filed in connection with a summary judgment motion in a civil case." Id.

"When a state statute prohibiting disclosure is the source of the [proponent's] interest in sealing, district courts should first determine if the relevant records are covered by the statute and, if so, determine whether the right of access nevertheless outweighs the state's interest in sealing." Scott v. City of Durham, No. 1:20-CV-558, 2022 WL 767557, at *2 (M.D.N.C. Mar. 14, 2022). To determine whether a judicial record should be sealed, this court:

> must . . . weigh the appropriate competing interests under the following procedure: it must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing.

Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 576 (4th Cir. 2004).

## II. **ANALYSIS**

Defendant argues that the employment applications and interview notes are personnel records under N.C.G.S. § 153A-98(a), so it is prohibited from disclosing these documents to the public without a court order. (See Def.'s Mot. for Leave to File Under Seal (Doc. 29) at 2–3.) Defendant explains that both Plaintiff's and Mr. Hill's employment applications contain "an enormous collection of personal information" including "detailed educational and work histories[,] and names and contact information for all supervisors." (Id. at 2.) Further, Defendant argues that the interview notes are "personnel records protected under North Carolina law;" "as draft documents used to make a personnel decision, they are of a private nature, rather than public." (Id. at 3.) Finally, Defendant emphasizes that Mr. Hill's employment application and interview notes especially warrant sealing because he "is not a party to this action and has not given consent, express or implied, for public discussion of his personnel history." (Id. at 2.)

The documents at issue were filed in connection with Defendant's motion for summary judgment, (see generally Def.'s Mot. for Summ. J. (Doc. 25)); therefore, the public has a First Amendment right of access to these documents. See Rushford, 846 F.2d at 253. To limit access to such documents, "there must be a

- 3 -

showing . . . that the denial serves an important governmental interest and that there is no less restrictive way to serve that governmental interest." Id. For a district court to make this determination, the court must: (1) give the public adequate notice that these documents may be sealed; (2) give any interested parties the opportunity to object to sealing; (3) provide its reasons for sealing and specific findings supporting sealing on the record; and (4) provide reasons for rejecting alternatives to sealing. See id. at 253-54.

Here, the governmental interest Defendant cites is N.C. Gen. Stat. § 153A-98, which provides for the "privacy of employee personnel records" of North Carolina county employees, such as Defendant Robeson County's employees. N.C. Gen. Stat. § 153A-98. Under the statute, a county employee's personnel file "consists of any information in any form gathered by the county with respect to that employee . . . relating to his application, selection or nonselection . . . of employment. N.C. Gen. Stat. § 153A-98(a). Further, "[a]ll information contained in a county employee's personnel file, other than the information made public by subsection (b) of this section, is confidential" except pursuant to certain limited exceptions, such as a court order. N.C. Gen. Stat. § 153A-98(c).

"[C]ourts have generally characterized personnel files as confidential and found it appropriate to enter protective orders governing their use in litigation because of the inherent potential harm or embarrassment if the information they contain is revealed." Robinson v. Bowser, No. 1:12CV301, 2013 WL 3791770, at *3 (M.D.N.C. July 19, 2013) (quoting Duling v. Gristede's Operating Corp., 266 F.R.D. 66, 72-73 (S.D.N.Y. 2010)).

It is undisputed that Plaintiff, (compare Pl's Compl. (Doc. 3) ¶ 4 with Def.'s Answer (Doc. 13) at 2-3), and Mr. Hill, (compare Pl.'s Compl. (Doc. 3) ¶ 16 with Def.'s Answer (Doc. 13) at 6), are both Robeson County employees. Employment applications and interview notes are all "information . . . gathered by the county . . . relating to [the] application, selection [and] nonselection . . . of [individuals for] employment," so they are covered by the North Carolina statute providing for "privacy of employee personnel records." See N.C. Gen. Stat. § 153A-98(c). And although the documents do contain some minimal public records information, the documents contain far more information that is not a matter of public record. See N.C. Gen. Stat. § 153A-98(b). Thus, Defendant must keep the employment applications and interview notes confidential except pursuant to a court order. See N.C. Gen. Stat. § 153A-98(c). Given Defendant's statutory obligation to keep its employees' personnel records confidential,
- 5 -

this court must determine whether Defendant's interest in sealing is outweighed by the public's right of access.

On the first Rushford factor—whether the public has received adequate notice of the request to seal—Defendant's motion has been on the docket for more than a month without any objection, weighing in favor of sealing the requested documents. See Rushford, 846 F.2d at 253-54.

On the second Rushford factor—whether any specific interested parties have received adequate opportunity to object to sealing—Defendant's motion has not been challenged by Plaintiff, also weighing in favor of sealing the documents. See id.

On the third Rushford factor—this court's findings supporting sealing—this court finds that the personal information in the employment applications and interview notes is not of special interest to the public. The essential dispute in this case is whether Defendant discriminated against Plaintiff on the basis of race in non-promotion to Assistant County Manager in violation of Title VII. (See generally Mem. Op. and Order (Doc. 12).) It does not require public notice of Plaintiff and Mr. Hill's specific employment experiences or qualifications. The accuracy of the contents of the documents at issue here is not contested. Instead, resolving Plaintiff's Title VII claim

requires comparing both individuals' qualifications, which will be discussed in unsealed documents, such as the parties' briefings and this court's memorandum opinions.

Finally, on the fourth <u>Rushford</u> factor—reasons for rejecting alternatives to sealing—Defendant only seeks to seal four sets of exhibits. Given the limited scope of sealing and the extensive redactions that would be needed to keep the documents at issue confidential, the alternative of redaction is not necessary here.

Based on these four factors, Defendant's statutory obligation to keep the employment applications and interview notes confidential outweighs the public's right of access to these documents. Thus, this court finds that Defendant's motion for leave to file under seal should be granted.

### III. **CONCLUSION**

For the foregoing reasons, **IT IS THEREFORE ORDERED** that Defendant's Motion for Leave to File Documents Under Seal, (Doc. 29), is **GRANTED.**

This the 2nd day of November, 2022.

/s/ William L. Osteen, Jr.
United States District Judge